Lynn M. Allen, SBN 012612
lallen@allenandlewis.com
**ALLEN & LEWIS, PLC**
3300 North Central Avenue, Suite 2500
Phoenix, Arizona 85012
Telephone: (602) 443-0402
Facsimile:  (602) 443-0403
Attorneys for American Family

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Mutual Insurance Company, a Wisconsin corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Ralph Carl Bluemke and Evelyn Bluemke, husband and wife, Laura Stufflebean, a single female, Timothy Ryan and Andrea Schlick-Ryan, husband and wife, individually and on behalf of their minor children, C.D.L.R. and R.D.P.R.; Tucker William Cole Ryan, a single male; and Tyler Daniel Prescott Ryan, a single male<br><br>                    Defendants. | No.<br><br>**COMPLAINT** |

For its complaint, Plaintiff American Family Mutual Insurance Company ("American Family") alleges as follows:

## JURISDICTION AND VENUE

1.      This is a declaratory judgment under 28 U.S.C. § 2201 *et seq.* arising from an American Family homeowners policy no. 02DE-2430-01-42-PHGS-AZ issued to defendants Ralph Carl Bluemke and Evelyn K. Bluemke (the "Policy").

2.      American Family is a Wisconsin corporation with its principal place of business in Wisconsin.

ALLEN & LEWIS, PLC

3. Upon information and belief, defendants Ralph Carl Bluemke and Evelyn K. Bluemke ("the Bluemkes") are residents of Yavapai County, Arizona and are married.

4. Upon information and belief, defendant Laura Stufflebean ("Stufflebean") is a resident of Yavapai County, Arizona and is a single person.

5. Upon information and belief, defendants Timothy Ryan and Andrea Schlick-Ryan (the "Ryans") are residents of Yavapai County, Arizona and are married.

6. Upon information and belief, defendant Tucker William Cole Ryan is a resident of Yavapai County, Arizona and is a single person.

7. Upon information and belief, defendant Tyler Daniel Prescott Ryan is a resident of Yavapai County, Arizona and is a single person.

8. Upon information and belief, defendant C.D.L.R., a minor, is a resident of Yavapai County, Arizona and is a single person.

9. Upon information and belief, defendant R.D.P.R., a minor, is a resident of Yavapai County, Arizona and is a single person.

10. This court has jurisdiction pursuant to 28 USC §§ 1332, 2201, and 2202, because a controversy between citizens of different states exists regarding respective rights and obligations under the American Family homeowners insurance policy issued to the Bluemkes and the amount in controversy exceeds $75,000.00.

11. Venue is proper under 28 USC § 1391, because the events giving rise to the action occurred in the District of Arizona.

12. An actual controversy exists between American Family and defendants

2

ALLEN & LEWIS, PLC

regarding coverage under the homeowners insurance policy.

13. American Family is a party whose rights, obligations and legal relationships are affected by the homeowners insurance policy; therefore, it is entitled to bring this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq*.

**FACTUAL BACKGROUND**

14. On August 10, 2010, defendants Timothy Ryan and Andrea Schlick-Ryan, as parents of Tucker William Cole Ryan, Tyler Daniel Prescott Ryan, C.D.L.R., and R.D.P.R. (collectively, the "Ryan Children"), filed a complaint against the Bluemkes and Stufflebean in Maricopa County Superior Court, Case No. CV2010-053801 (the "Underlying Lawsuit").

15. The Ryans allege in the Underlying Lawsuit that Ralph Bluemke sexually molested the Ryan Children at various times since 1989. The Ryans allege negligence per se, negligent infliction of emotional distress, and premises liability claims against Ralph Bluemke.

16. In the Underlying Lawsuit, the Ryans allege claims for negligent supervision, premises liability, and negligent infliction of emotional distress against Evelyn Bluemke arising from Ralph Bluemke's alleged sexual molestation of the Ryan Children.

17. In the Underlying Lawsuit, the Ryans allege claims for negligent supervision, premises liability, and negligent infliction of emotional distress against Stufflebean arising from Ralph Bluemke's alleged sexual molestation of the Ryan

3

ALLEN & LEWIS, PLC

Children.

18. In the Underlying Lawsuit, the Ryans claim that the Ryan Children were severely and permanently injured, suffered great pain of body and mind, and may incur future medical expenses.

19. In the Underlying Lawsuit, the Ryans seek an award of punitive damages against the Bluemkes and Stufflebean.

20. Upon information and belief, charges are pending against Ralph Bluemke in Yavapai Superior Court for molestation of a child, continuous sexual abuse of a child, sexual conduct with a minor, and luring a minor for sexual exploitation.

21. Upon information and belief, Stufflebean is the Bluemkes' adult daughter and may have resided with them from time to time form 1995 to present.

22. Upon information and belief, the alleged sexual molestation may have occurred at times when Evelyn Bluemke and/or Stufflebean were providing day care services to the Ryan Children in the Bluemkes' home.

## THE POLICY

23. The Policy has been in effect from time to time from June 23, 2003 to present and provides liability coverage pursuant to its terms and conditions with limits of $300,000 per occurrence.

24. The Policy provides the following in Section II regarding liability coverage:

> **We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

4

**ALLEN & LEWIS, PLC**

25. The Policy provides the following definitions:

1. **Bodily injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death. **Bodily injury** does not include:

    \* \* \*

    c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

2. **Business** means any profit motivated full or part-time employment, trade, profession or occupation and including the use of any part of the premises for such purposes. The providing of home day care services to other than **insureds**, for which an **insured** receives monetary or other compensation for such services is also a **business**.

\* \* \*

5. **Insured**

    a. **Insured** means **you** and, if residents of **your** household: (1) your relatives; and (2) any other person under the age of 21 in your care or in the care of your resident relatives.

\* \* \*

7. **Limit** means the limit of liability that applies for the coverage.

\* \* \*

9. **Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:

    a. **bodily injury**; or

    b. **property damage**.

    Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one occurrence.

\* \* \*

13. **We, us** and **our** refer to the American Family Mutual Insurance Company.

14. **You and your** refer to the person or people shown as the named **insured** in the Declarations. These words also refer to **your** spouse who is a resident of **your** household.

26. The Policy contains the following liability exclusions:

**Coverage D – Personal Liability and Coverage E – Medical Expense** do not apply to:

1. **Abuse. We** will not cover **bodily injury** or **property damage** arising out of or resulting from any actual or alleged:

    a.   sexual molestation or contact;

    b.   corporal punishment; or

    c.   physical or mental abuse of a person.

* * *

4. **Business. We** will not cover **bodily injury** or **property damage** arising out of business pursuits…

*   * *

9. **Imputed Liability. We** will not cover **bodily injury** or **property damage** arising out of any liability imputed to any **insured** which is otherwise excluded in this policy.

10. **Intentional Injury. We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured.**

11. **Intra-Insured Suits. We** will not cover **bodily injury** to any **insured.**

* * *

17. **Violation of Law. We** will not cover **bodily injury** or **property**

ALLEN & LEWIS, PLC

        **damage** arising out of:

        a.    violation of any criminal law for which any **insured** is convicted.

27.    The Policy contains the following liability exclusion:

    **Coverage D – Personal Liability** does not apply to:

    * * *

    4.    **Punitive Damages**.  **We** will not cover punitive or exemplary damages.

## COUNT I – DECLARATORY RELIEF

28.    American Family realleges paragraphs 1 through 27 as if fully set forth herein.

29.    The Policy does not cover the Bluemkes and/or Stufflebean for the claims alleged in the Lawsuit for the following non-exclusive reasons:

    a.    The claims arise out of sexual molestation, sexual contact or abuse of the Ryan Children.

    b.    Strictly emotional distress damages do not fall within the definition of bodily injury.

    c.    The claims are excluded under the Imputed Liability Exclusion.

    d.    The Policy does not cover intentional acts.

    e.    The violation of law exclusion will exclude coverage if Ralph Bluemke is convicted.

    f.    The Policy excludes punitive damages.

ALLEN & LEWIS, PLC

      g.     Upon information and belief, one or more of the Ryan Children may have resided in the Bluemkes' household and been under the care of Bluemke and/or Stufflebean at the time of the alleged incident(s).

      h.     The Policy does not cover bodily injury arising out of business pursuits.

30.     The Policy may not cover Stufflebean for the claims alleged in the Lawsuit for the additional reason that she may not have been a resident of the Bluemkes' residence at the time of one or more of the alleged incidents.

31.     Because this action arises out of contract, American Family is entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

**WHEREFORE**, Plaintiff American Family requests the following relief against all Defendants:

A.     A declaration that the Policy does not provide coverage to the Bluemkes or Stufflebean for any claims alleged in the Lawsuit;

B.     A declaration that American Family does not have a duty to defend the Bluemkes or Stufflebean against the claims alleged in the Lawsuit;

C.     A declaration that American Family does not have a duty to indemnify the Bluemkes or Stufflebean for the claims alleged in the Lawsuit;

D.     An award of attorney's fees pursuant to A.R.S. § 12-341.01;

E.     An award of taxable costs pursuant to A.R.S. § 12-341; and

F.     Such other relief as the court deems just and proper.

ALLEN & LEWIS, PLC

DATED this 12th day of November, 2010.

                              ALLEN & LEWIS, P.L.C.

                              By: */s/ Lynn M. Allen*
                                  Lynn M. Allen
                              *Attorney for American Family*